```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
IN THE MATTER OF A SEARCH     :    MJ No. 3:16MJ00692(SALM)
WARRANT                       :
                              :    October 5, 2017
------------------------------x
```

**RULING ON MOTION FOR SANCTIONS [Doc. #13]**

Movant Paul A. Boyne ("movant") has filed a motion for sanctions. [Doc. #13]. The movant requests that the Court impose various sanctions against Assistant United States Attorney Anastasia E. King, FBI agent Lisa Tutty, United States Attorney Deirdre Daly, and United States Magistrate Judge Joan G. Margolis. See id. at 4-5. For the reasons set forth below, the movant's motion for sanctions [**Doc. #13**] is **DENIED**.

**1. Background**

On November 30, 2016, Magistrate Judge Joan G. Margolis signed an application for a search warrant directed to Google, for information associated with two email addresses. See generally Doc. #1-2, #1-3. On the same date, Judge Margolis granted the government's application for a non-disclosure order, and a motion to seal this case. See Doc. ##2, 5.

On June 5, 2017, the movant filed a motion to unseal this case. [Doc. #9].[1] On June 7, 2017, Judge Margolis granted the movant's "Motion to Unseal," absent objection. See Doc. #10. Judge Margolis later clarified in an endorsement order issued on August 23, 2017, that although the movant's motion had been granted as to the unsealing of the <u>case</u>, the motion was "<u>denied in all other respects regarding all other requests in his motion</u>." Doc. #14 (emphasis in original).

On July 27, 2017, the movant filed the motion for sanctions now under consideration. [Doc. #13].

## 2. <u>Discussion</u>

The movant requests "the court to sanction players in this case for violation of the First and Fourth Amendments, in violation of the people's constitutional rights and violation of personal oaths of office." Doc. #13 at 1. The movant seeks to invoke the "inherent power" of this Court to "sanction the unscrupulous actors who conspire to defeat the Constitution and its pesky amendments." <u>Id.</u> at 4. The movant requests that the Court impose various sanctions against Assistant United States Attorney King, Agent Tutty, United States Attorney Daly, and Judge Margolis, including, <u>inter alia</u>, that each pay a "fine of

---

[1] On May 24, 2017, the government filed a "Reply to Motion to Unseal," presumably in response to the movant's filing of motions to unseal in other cases. See Doc. #6.

not less than $10,000[.]" See Doc. #13 at 4-5. The movant also seeks "[a]ny other patriotic remedies required to protect liberty and to quash the tyrants[.]" Id. at 5.

The movant alleges that the individuals identified have violated the First Amendment by taking "[a]dverse governmental action against the people in retaliation for the exercise of protected speech[.]" Id. at 2. The movant also appears to allege that the search warrant issued in this matter was not supported by probable cause, but was issued in response to "[p]ublic criticism of a public official[,]" in violation of the Fourth Amendment. Id. at 3.

The motion for sanctions fails for several reasons.

First, the movant appears to seek affirmative relief for alleged violations of his constitutional rights. A motion for sanctions filed in a criminal search warrant proceeding is not the proper vehicle by which to redress alleged constitutional violations. To the extent the movant believes that his constitutional rights have been violated, the proper means by which to address any such alleged violation(s) is by filing a civil lawsuit. The movant has not done so.

Second, the movant appears to seek damages from each of the identified individuals in the form of a "fine." Money damages are not available in criminal proceedings, such as the instant matter. See, e.g., Plonka v. Brown, 2 F. App'x 194, 197 n.3 (2d

Cir. 2001); United States v. Fogel, 494 F. Supp. 2d 136, 139 n.5 (D. Conn. 2007); United States v. Buczek, No. 09CR121S, 2010 WL 742195, at *1 (W.D.N.Y. Feb. 26, 2010); Henderson v. Heffler, No. 07CV0487C, 2008 WL 2915437, at *2 (W.D.N.Y. July 24, 2008).

Third, the movant, who is not a party to this matter, has no standing to seek sanctions against the four individuals identified in the motion. See, e.g., New York News, Inc. v. Kheel, 972 F.2d 482, 486 (2d Cir. 1992) (holding that, generally, a non-party lacks standing to seek Rule 11 sanctions).

Fourth, to the extent the movant requests that this Court impose sanctions pursuant to its "inherent authority," the movant has not established any basis pursuant to which the Court may properly invoke that authority. To impose sanctions under the Court's inherent authority there must be "clear evidence of bad faith characterized by a high degree of specificity." Rates Tech. Inc. v. Broadvox Holding Co., LLC, 56 F. Supp. 3d 515, 529 (S.D.N.Y. 2014). Here, the movant provides no clear evidence of bad faith, but rather relies on vague and conclusory allegations in support of his requests for relief. This does not satisfy the high standard justifying the imposition of sanctions pursuant to the Court's inherent authority. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion."

(citation omitted)). Nor does the movant invoke any other rule or statutory basis for the imposition of sanctions against the four individuals identified in his motion.

Accordingly, the movant's motion for sanctions [**Doc. #13**] is **DENIED**.

## 3. Conclusion

For the reasons stated above, the movant's motion for sanctions [**Doc. #13**] is **DENIED**.

SO ORDERED at New Haven, Connecticut, this 5th day of October, 2017.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE